AUDREY DOUMENG, Plaintiff

v.

RICHARD DOUMENG, Defendant

Civil No. 393-1970

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 27, 1975

HOFFMAN, *Judge of the District Court*, Sitting by Designation

## MEMORANDUM OPINION AND ORDER

On July 24, 1975, this Court entered an Order in this matter setting forth the defendant's rights to visit with his four minor children now in the custody of the plaintiff in Florida. This Order modified the Decree entered in this matter by Chief Judge Almeric L. Christian on November 13, 1970. The July 24, 1975, Order specifically refused to make compliance by plaintiff with the visitation rights granted therein as a precondition for the continued child support payments of $320.00 per month which the defendant was ordered to make under a Uniform Reciprocal Enforcement of Support Act Order of Judge Eileen R. Petersen on May 1, 1975.

On September 16, 1975, the defendant moved this Court to permit defendant to make the aforementioned support payments into the registry of the Court and to hold such funds in escrow until such time as the July 24, 1975, Order concerning visitation rights is complied with by the plaintiff. In support thereof, defendant filed his affidavit stating that plaintiff had refused to allow defendant to visit with his four children or make any arrangements to travel with them to the Virgin Islands as provided for in the July 24, 1975, Order. Accompanying defendant's motion papers was a personal check made out to "V.I. Municipal Court" for $320.00, representing defendant's September support payment.

Plaintiff failed to respond to defendant's motion, despite having been served with the motion papers by mail on Sep-

tember 16, 1975. When this matter was continued until October 15, 1975, the Court itself notified plaintiff and her attorney in Florida of such continuance and enclosed a copy of the motion papers.

The Court maintains continuing jurisdiction over this matter and over the parties. Cox v. Cox, 8 V.I. 543, 457 F.2d 1190 (3d Cir., 1972). The defendant and the Court have made reasonable efforts to give actual notice of this motion to plaintiff. Id. Plaintiff's only response to these proceedings since their inception in April of 1975 has been a number of letters from plaintiff's attorney in Florida (see letters from Freeman & Beverly, Don Beverly, of counsel, dated May 15, 1975, June 20, 1975, July 3, 1975, and October 10, 1975). Plaintiff has failed to enter any formal appearance or file any formal response to the pleadings and must be considered in default on this motion.

The question remains, however, whether or not the relief defendant seeks is permissible under Hodge v. Hodge, 11 V.I. 470, 507 F.2d 87 (3d Cir., 1975). In our Order of July 24, 1975, this Court indicated that it believed that it was "settled law in the Virgin Islands that the denial of visitation rights shall not be used punitively for the failure to pay child support . . .", citing the Hodge decision. Having now reconsidered the matter the Court is not so sure that the Hodge rationale and rule is applicable in the instant case.

In Hodge, the Third Circuit dealt, inter alia, with a situation in which the trial court has suspended visitation rights until the husband-father liquidated his support arrearages. The Court held that such a punitive suspension of visitation rights was not justified. 507 F.2d at 92. In reaching this conclusion the Circuit Court relied on a Pennsylvania case, Com. ex rel. Lotz v. Lotz, 188 Pa. Super, 241, 244, 246, 146 A.2d 363, 363–364 (1958), aff'd, 396 Pa.

287, 152 A.2d 663 (1959), which it quoted extensively in a footnote. 507 F.2d at 92, fn. 17.

> It is against public policy to destroy or limit the relation of parent or child. "Visitation rights of a parent . . . must be carefully guarded for when parents are separated and custody is placed in one of the parents, there exists a danger that the parent having custody of the child may use his or her advantageous position to alienate the other parent from the affections of the child." 146 A.2d 363–364.

Thus it becomes clear that the Hodge decision is not only premised upon a different factual basis than the instant case, but also that Hodge stands for the proposition that, when balancing a parent's duty to support his or her children against the right to visitation with his or her children, that the right to visitation must always prevail. The Court, therefore, now holds that not only is the Hodge case not a bar to the remedy sought by plaintiff, but also may in fact mandate some action by the Court to assure defendant's right to visit his children.

The final question remains whether the remedy which defendant seeks is the proper one. A number of factors lead us to believe that it is: 1) Although, as noted supra, the Court maintains jurisdiction over this matter and the parties under Cox v. Cox, supra, the Court has few means at its disposal to compel compliance with its Orders, since plaintiff and the children of the marriage now reside outside the Territory; 2) at no time has plaintiff, in the letters to the Court from her attorney in Florida, raised any defense to her refusal to allow defendant to visit with his children, other than defendant's alleged support arrearages; 3) such a defense by plaintiff is clearly not permitted under Hodge v. Hodge, supra; 4) by allowing defendant to pay support monies into the registry of the Court until such time as the Court receives assurances that plaintiff will allow and continue to allow defendant visitation under

the July 24, 1975, Order, the Court is not denying anything to the plaintiff, other than her non-existent right to deny visitation to the defendant; 5) the plaintiff will endure no hardship other than that which her own inexcusable non-compliance will impose.

Having considered all the circumstances involved here, the Court will grant defendant's motion.

The Court will not, at this time, consider any support arrearages which may have accrued before the entry of Judge Petersen's Order of May 1, 1975. Plaintiff may, if she wishes to bring this matter before the Court for resolution, do so. From the affidavit of the Cashier of the Municipal Court dated October 17, 1975, we find defendant's present arrearages under the May 1, 1975, Order to be $640.00, representing September and October's payments.

## ORDER

In accord with the Memorandum Opinion of this date in this matter, the Court hereby enters the following Order:

On or before November 3, 1975, defendant shall deposit with the Cashier of the Municipal Court the sum of $640.00, in addition to the $320.00 which was tendered with defendant's motion papers. This sum of $960.00 represents defendant's support payments for September, October and November under Judge Petersen's Order of May 1, 1975. This sum shall not be forwarded to plaintiff by the Cashier, or otherwise released without further Order of this Court.

The Court shall order the release of the aforementioned support monies upon plaintiff's compliance with the following: plaintiff shall, either by appearing in person before this Court or by the submission of a sworn affidavit, properly attested and exemplified, assure this Court that she will allow and continue to allow defendant to visit his four children in plaintiff's custody in compliance with this Court's Order of July 24, 1975. Once the Court has re-

314

ceived such initial assurances the $960.00 shall be released and the following procedure will be followed thereafter: on December 1, 1975 and monthly thereafter, defendant shall pay the sum of $320.00 to the Cashier of the Municipal Court for the support of his children. Such sums shall be forwarded to plaintiff, unless defendant shall submit with his payment an affidavit alleging specific instances in the prior month in which plaintiff denied visitation to defendant. Upon receipt of such affidavit, the Court shall issue an Order for plaintiff to show cause why further support payments should not be held in escrow by the Court until the Court receives further assurances of plaintiff's compliance. The Court will indicate now that it will not be satisfied with further assurances by affidavit (after the initial assurances which the Court now requires) and will require plaintiff to make such further assurances in person before the Court. I am hopeful that this matter will not reach that stage.

It is so ordered.